IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Bennie Jones, | ) | |
| | ) | Case No. 15 C 50302 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Wexford Health Sources, Inc., et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, defendants' joint partial motion to dismiss [61] is granted in part and denied in part. Count IV is dismissed with prejudice. Count V is dismissed with respect to Nurse Lisa Minter, without prejudice to plaintiff filing an amended complaint within 28 days that includes an attached affidavit and report conforming with the requirements of section 2-622 as applied to Nurse Minter.

## STATEMENT-OPINION

This matter arises out of plaintiff Bennie Jones's action against Wexford Health Sources, Inc., Dr. Bessie Dominguez, Dr. Catalino Bautista, and Nurse Lisa Minter regarding a wound on his leg that he alleges was improperly treated by the defendants. Plaintiff raises both section 1983 deliberate indifference and state law medical malpractice against each of the defendants.

On June 24, 2016, defendants Wexford, Dr. Dominguez, and Dr. Bautista filed a joint partial motion to dismiss for failure to state a claim [61]. On August 17, 2016, defendant Nurse Minter filed a motion to join the motion to dismiss [78], which was granted. In their joint motion to dismiss, defendants seek to dismiss two claims from plaintiff's first amended complaint: Count IV, which asserts respondeat superior liability against Wexford, and Count V, which asserts medical malpractice against Wexford, Dr. Dominguez, Dr. Bautista, and Nurse Minter.

On October 6, 2016, plaintiff filed a response to the motion to dismiss [89]. On October 21, 2016, Wexford, Dr. Dominguez, and Dr. Bautista filed a reply [91], as did Nurse Minter [92]. These matters are now ripe for the court's review.

With regard to Count IV, respondeat superior, defendants point out and plaintiff tacitly admits that the Seventh Circuit has repeatedly and recently held that respondeat superior does not apply to private corporations, including Wexford, in section 1983 cases. *See Shields v.*

1

*Illinois Dept. of Corrections*, 746 F.3d 782, 796 (7th Cir. 2014); *Chatham v. Davis*, ___ F.3d ___2016 WL 6072331, at *3 (7th Cir. Oct. 17, 2016). It is clear from plaintiff's briefing that the issue has been raised in order that it be preserved for appeal. As such, defendants' motion to dismiss with respect to Count IV is granted.

With regard to Count V, state law medical malpractice, defendants argue that plaintiff has not satisfied the requirements set forth in 735 ILCS 5/2-622, which requires that all medical malpractice claims be supported by an affidavit stating that the filer has consulted with a healthcare professional; the affidavit must show:
> that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.
> . . . .
> A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit.

735 ILCS 5/2-622(a)(1). Further, "[w]here a certificate and written report are required pursuant to this Section a separate certificate and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time." 735 ILCS 5/2-622(b). As the Seventh Circuit has repeatedly held, federal litigants in Illinois are required to comply with section 5/2-622 when bringing a medical malpractice claim. *See Ramirez v. Fahim*, ___ F. App'x. ___2016 WL 3081095 (Mem) (7th Cir. June 1, 2016) (citing *Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014).

Here, there is no dispute that plaintiff attached the required 2-622 affidavit and physician's report to his amended complaint to support the medical malpractice claims in Count V. Defendants also do not attack the qualifications of the report at this time. However, defendants challenge the sufficiency of the content of the physician's report, which, after describing the author's credentials, states as follows:
> I have reviewed all available medical records on [the plaintiff, Mr. Jones]. In my opinion, to a reasonable degree of medical certainty, the care and treatment that Mr. Jones received from November 17 2014 to August 17 2015 by Nurse Minter, Dr. Bautista, Dr. Dominguez, and Wexford Health Sources Inc. deviated from the accepted medical standard. It is also my opinion that there is a reasonable and meritorious reason for filing a lawsuit against the above named parties.
>
> Having reviewed all the material furnished to me I am of the opinion that Mr. Jones did not receive appropriate and expeditious medical intervention to treat his wound.

2

> Chronic wounds that do not demonstrate progressive healing in a timely manner should be considered for imaging, biopsy and alternative treatment regimens to identify and/or rule out other causes of the wound and any potential long term adverse sequela.
>
> I note that Mr. Jones was approved on the 13th May 2015 for a wound care evaluation at the University of Illinois, Chicago. Despite this fact he was not scheduled for a transfer to UIC by Wexford Health Sources Inc., or his treating physicians, for another three months – the 17th August 2015. I consider this to be well below the minimum standard of treatment that was then required for Mr. Jones given how he was presenting at that time.
>
> It is my opinion that Wexford Health Sources Inc., and its staff, deviated from the accepted medical standard by failing to act in a timely fashion to properly manage Mr. Jones' wound.

[32-1] at 6.

Defendant raises two challenges to the above report. First, defendants argue that the report is deficient because 735 ILCS 5/2-622(b) provides that separate reports are required for each defendant, and plaintiff has impermissibly "lumped all the Defendants into a single report," including both nurses and physicians, who are subject to different standards of care. *See* [61] at 5. Second, defendants point out that the physician's report only refers to the failure of the defendants to adequately conduct further testing and treatment, including a timely referral to specialists, whereas plaintiff's amended complaint contains ten separate and distinct allegations of malpractice, some of which the report does not refer to.

With regard to defendants' first argument, that plaintiff only attached a single report, it is true that of 2-622(b) states that "a separate certificate and written report shall be filed as to each defendant who has been named in the complaint." 735 ILCS 5/2-622(b). However, despite this provision, the Seventh Circuit has noted that there is some support in Illinois law that the requirements of 2-622(b) may be satisfied by a single report against multiple defendants if the report is "sufficiently broad to cover each defendant, adequately discusses deficiencies in the medical care given by defendants, and establishes that a reasonable and meritorious cause exists for filing the action." *See Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000) (quoting *Neuman v. Burstein*, 595 N.E.2d 659, 664 (Ill. App. 3d Dist. 1992)). Here, the report names all defendants and states that they fell below the standard of care by failing to provide further treatment, diagnostic testing, or referral. As such, the court will not dismiss Count V solely on the basis that there was only one physician's report purporting to cover all relevant defendants.

With regard to the second argument, that the report is vague and incomplete, defendants point out that plaintiff's first amended complaint is sufficiently broader than the physician's report. Count V raises ten separate allegations of negligence against the defendants:
(a) They failed to properly evaluate Plaintiff Jones' infection in March 2015;

3

(b) They failed to render adequate medical services to Plaintiff Jones from March 2015 to the present, as is evidenced by his persistent MRSA infection and resulting osteomyelitis;
(c) Nurse Minter's failure to continue to provide dressing changes to Jones;
(d) Dr. Bautista's failure to diagnose or treat Jones for his growing bacterial infection in March 2015;
(e) Dr. Dominguez's failure to administer antibiotics to Jones after she made an incision to express puss from the wound on his left lower leg;
(f) Their failure to request consultation with physicians and/or nurses and technical staff skilled in specialties of medicine and specialties in diagnosing and treating the condition of Plaintiff Jones;
(g) Their failure to treat Jones's bacterial infection and resulting osteomyelitis;
(h) Their failure to mitigate the pain and suffering caused by the ongoing MRSA infection and osteomyelitis;
(i) Their delay in referring Jones to a specialist to image, diagnose and treat Jones's MRSA infection and osteomyelitis;
(j) Their failure to treat Jones in a manner customary and suitable with their profession.

[32] at 28-29. In contrast, the physician's report relies only on the fact that the defendants should have conducted more diagnostic testing and treatment, and/or should have referred plaintiff to a specialist in a more timely fashion. Defendants contend that the report is insufficient because "none of [the allegations in Count V] are supported by Plaintiff's 2-622 report" and the report itself "is generic and devoid of facts to the point that the report could almost be used in any medical malpractice case anywhere." *See* [61] at 6.

While there is relatively little case law directly on point regarding this issue, the Seventh Circuit has noted that "Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). On the other hand, a malpractice claim may be dismissed where a report is insufficiently specific. In *Sherrod*, the plaintiff alleged two claims of malpractice against several physicians and attached a single physician's report to support the claims. The district court dismissed both malpractice claims on the grounds that the physician's report was insufficient; one of the claims was dismissed with prejudice, while the other was dismissed without prejudice to the plaintiff filing a proper report. On appeal, the Seventh Circuit noted that:

> [The physician's] report was not a model of specificity. It mentioned only [one of the defendant physicians], Franklin Hospital and St. Mary's Hospital by name, but referred generally and repeatedly to the prison nursing and medical staff. [The] three-page report discussed [the plaintiff's] symptoms and course of treatment in some detail. It then concluded that the "prison medical and nursing staff failed to properly diagnose his illness in a timely fashion" because of a lack of physician supervision and applied improper treatment which placed [the plaintiff's] life in jeopardy. This report, while not wholly insufficient, certainly approached the borderline of acceptable detail in a physician's merit review.

4

*Sherrod*, 223 F.3d at 614. On the other hand, the Seventh Circuit noted that it was improper to dismiss one of the malpractice claims with prejudice without granting the plaintiff an opportunity to file a corrected and more specific report.

Courts in this district have further articulated the required level of specificity for a physician's affidavit to meet the requirements of 2-622. *See Ortiz v. United States*, 2014 WL 642426, at * 3 (N.D. Ill. 2014) (noting that a report is "insufficient" if "it relies on general conclusions of malpractice"). Citing relevant Illinois case law, the court in *Ortiz* explained what detail is required in a proper certificate:
> [T]he report must describe both the deficiencies in medical care that gave rise to plaintiff's claim and the reviewing professional's reasoning. Further, the report must state either the standard of care or an appropriate alterative course of treatment. In the latter instance, the report must also explain how, rather than merely assert that, plaintiff's condition could have been improved by the alternative conduct.

*Id.* (internal citations omitted).

Here, the report states that the deficiency in medical care that gave rise to plaintiff's claim is that he had a chronic wound that did not demonstrate progressive healing and that his treatment providers did not timely consider conducting additional diagnostic testing or treatment. The author opines that the defendants "deviated from the accepted medical standard by failing to act in a timely fashion to properly manage [the plaintiff's] wound." The report also points out the fact that a referral was made to a wound care evaluation at UIC, but opines that the delay in making the referral was "well below the minimum standard of treatment that was then required for [the plaintiff] given how he was presenting at that time." [32-1] at 6. On its face, this would appear to both describe the deficiencies in plaintiff's care and set forth the relevant standard of care, at least the standard of care that applied to the physicians. While the report is somewhat similar to that in *Sherrod*, which "approached the borderline of acceptable detail in a physician's merit review," the report here at least explains to some degree what the defendant physcians could have done to meet the standard of care and prevent further injury to the plaintiff.

With regard to the fact that the report does not completely overlap with the allegations of negligence in Count V, as noted, the purpose of the statute is to "reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success." *Sherrod*, 223 F.3d at 613. The statute itself states that the author of the report must determine "that a reasonable and meritorious cause for the filing of the action exists," 735 ILCS 5/2-622(a)(1), not that the report must comprehensively mirror every allegation or theory of negligence in the complaint. The court notes that plaintiff will ultimately need to support these claims with expert testimony. As such, defendants' motion to dismiss Count V is denied with respect to Wexford and the defendant physicians.

On the other hand, the court notes that the report is at its weakest with respect to Nurse Minter. Courts in this circuit have recognized that a physician's report that does not even refer to nurses or the standard of care applicable to that field cannot support a malpractice claim

5

against a nurse. *See Maldonado v. Sinai Medical Group, Inc.*, 2008 WL 161671, at *6 (N.D. Ill. 2008). Here, the report names Nurse Minter but does not explicitly explain that the author is familiar with the standard of care applicable to nursing. Rather, the report simply refers to the fact that a failure to conduct additional testing, treatment, or referral fell below "the accepted medical standard," without distinguishing between the standard for the defendant physicians, who presumably had greater authority regarding future treatment decisions, and that of Nurse Minter. While this presents a close question, the court finds that the report is too vague to support a claim of malpractice against Nurse Minter, and in its discretion grants her motion to dismiss Count V against her. This dismissal will be without prejudice to plaintiff filing an amended complaint within 28 days that includes an attached affidavit and report conforming with the requirements of section 2-622 as applied to Nurse Minter. *See Sherrod*, 223 F.3d at 613 ("While dismissal is mandatory, courts have discretion to dismiss with or without leave to amend.").

Date: 11/03/2016                    ENTER:

                                                        _____
                                                        United States District Court Judge

                                                                        Electronic Notices.  (LC)